FRANCISCA MUNDO DE CONDE, Plaintiff and Appellant, *v.* DOMINGO DEL CARMEN, Defendant and Appellee.

No. 5731. Argued November 29, 1932.—Decided January 27, 1933.

*Angel A. Vázquez* for appellant.    *L. Méndez Vaz* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiff appeals from an adverse judgment in an action for damages caused by her eviction as defendant in an unlawful detainer proceeding after a judgment, now alleged to have been obtained through fraud and misrepresentation. The only assignment of error is that the judgment is con-

trary to the law and the evidence. Such an assignment is not an incentive to the independent investigation and elaboration of topics touched upon but not adequately developed in the brief for appellant.

In 1929, Magdaleno Conde was living in his own house built upon land belonging to Domingo del Carmen to whom he paid ground rent. On August 13th, 1929, Del Carmen served a notice to quit on August 31st. Conde died in September.. In December Del Carmen commenced the unlawful detainer proceeding against Francisca Mundo, the widow of Conde, and two children, as his succession. The proceeding was based on non-payment of rent due for the months of July, August, September, October, and November. The gist of appellant's argument is that after August 31, 1929, following the notice to quit dated August 13th, plaintiff herein (defendant in the unlawful detainer proceeding) became a tenant at will and that the instant case should be governed by the doctrine of *Ermita de Nuestra Señora, etc.* v. *Collazo,* 41 P.R.R. 594. No question as to conflict of title seems to have been raised in the unlawful detainer proceeding. If any such question had been raised it would have been difficult to distinguish the case from that of *Peña & Balbás* v. *Toro,* 34 P.R.R. 130. In any event appellant does not attempt to explain just how defendant herein can be held responsible in damages for any failure on the part of the trial judge in the unlawful detainer proceeding, of his own initiative, to apply the doctrine of the *Collazo* case, some twelve months before that case was decided by this Court.

The question as to alleged fraud and misrepresentation in obtaining the judgment in the unlawful detainer proceeding does not demand serious consideration.

The judgment appealed from must be affirmed.